IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                        ORDER
                    Plaintiff,
                                                                08-cr-87-bbc
                                                                12-cv-780-bbc
          v.

PRINCE BECK,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On October 25, 2012, defendant Prince Beck filed a motion to return property under

Fed. R. Crim. P. 41(g), alleging that currency and jewelry that had been taken from him by

the government at the time of his arrest had never been returned.  In an order entered on

October 26, 2012, I advised defendant that because his criminal case was closed, he would

have to initiate a civil equitable proceeding to recover the property and pay the required

filing fee.

On December 10, 2012, presumably in response to the defendant's motion for return

of property, the government filed a motion under 18 U.S.C. § 3664(k) to apply $1,628 cash

seized at the time of defendant's arrest to his restitution obligation.  Because the jewelry had

minimal value, the government had no objection to returning it to defendant.  In an order

entered on December 12, 2012, I gave defendant until January 2, 2013 in which to file any

1

objection to the government's motion on the issue of the $1,628.

As of January 4, 2013, the court had not received any objection from the defendant, so on January 7, 2013, I  entered an order directing the Dane County Sheriff's Department to turn over the $1,628 in funds seized from the defendant at the time of his arrest to the Clerk of Court for the Western District of Wisconsin to be applied toward defendant's restitution obligation.

After the January 7, 2013 order had been entered, the government notified the court that it had received an objection in the mail from defendant that had not been filed with the court.  The government provided a copy of defendant's objection to the clerk of court for docketing.  In his objection, defendant asserts that the $1,628 in cash does not represent a change in his economic circumstances that affects his ability to pay restitution.  He says that his only funds come from his family and he has lost his prison job.  In addition, defendant alleges that the government is not entitled to the funds because it has failed to establish a nexus between the money to be seized and the offense charged.

The government filed a brief in reply to defendant's objection, arguing that under 18 U.S.C. § 3664(k), it may petition the court to adjust the payment schedule or to have proceeds applied toward restitution once it has received notification of a change in a defendant's economic circumstances and has certified to the court that it has notified the victim of the change in circumstances.  The discovery of the money in the possession of the sheriff represents a change in defendant's economic circumstances, but the government has not made the required certification.  However, the $1628 is subject to a lien created by the

order of restitution entered against defendant at the time of his sentencing. The government

may recover the funds subject to the lien unless defendant can establish an exemption that

covers the cash. 18 U.S.C. § 3613(a). He has not done this. Moreover, under 18 U.S.C.

§ 3613(c), the government is not required to establish a nexus between the money and the

offense charged for purposes of restitution. I conclude therefore that the January 7, 2013

order should remain in effect.


ORDER

IT IS ORDERED that the court's January 7, 2013 order remains as entered and the

$1,628 in cash shall be applied toward defendant Prince Beck's restitution obligation as

directed in that order.

FURTHER IT IS ORDERED that the jewelry identified in plaintiff's motion (a

watch, chain, pinky ring and earrings) is to be returned to defendant.

The clerk of court is directed to close case no. 12-cv-780-bbc because the claims

asserted in that case have been resolved in criminal case 08-cr-87-bbc.

Entered this 11th day of January, 2013.


BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3